# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

CIVIL ACTION NO: 4:18-CV-00134-JHM

STANLEY BRENT CANARY                                             PLAINTIFF

V.

NURSE MANDY ARD                                                DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Summary Judgment [DN 34], Defendant's Motion for Summary Judgment [DN 40], and Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment [DN 42]. Fully briefed, these matters are ripe for decision. For the following reasons, Plaintiff's Motion for Summary Judgment is **DENIED**, Defendant's Motion for Summary Judgment is **GRANTED**, and Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment is **DENIED**.

## I. BACKGROUND

Plaintiff, Stanley Canary, is a former inmate at Daviess County Detention Center ("DCDC"). He asserts that on July 23, 2018, the Defendant, Nurse Mandy Ard, denied him adequate medical care after he slipped while working and injured his right shoulder and elbow. [DN 1 at 4]. He claims that both directly after his fall—around 4:00 am that day—and later that evening, he proceeded to the medical unit of the jail seeking medical care and that both times, Nurse Ard directed him to leave. [*Id.*]. Mr. Canary explains that after he was turned away, he filed a grievance—Grievance #298822—about his failure to receive necessary medical care. [*Id.* at 5, DN 40-4]. DCDC later closed Mr. Canary's grievance as unfounded. [DN 40-4].

Mr. Canary filed this *pro se* 42 U.S.C. § 1983 action against Nurse Ard on August 21, 2018, less than a month after the incident at issue, alleging that Nurse Ard violated his Eighth Amendment

rights. At the time of filing, Mr. Canary asserted he was in continual pain from the lack of treatment to his right arm. After discovery, both parties filed motions for summary judgment. [DN 34, DN 40].

## II. STANDARD OF REVIEW AND LAW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying the portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

## III. DISCUSSION

The Court addresses first Mr. Canary's Motion to Strike Nurse Ard's Motion for Summary Judgment and then the motions for summary judgment.

2

**A. Motion to Strike**

Mr. Canary filed two documents after Nurse Ard submitted her Motion for Summary Judgment—a Motion Response to Defendant's Request to Strike Plaintiff's Summary Judgment [DN 41] and a Motion to Strike Mandy Ard's Motion for Summary Judgment [DN 42]. In the latter filing, Mr. Canary asks the Court to "strike Defendant's Motion for Summary Judgment and grant summary judgment" in his favor. [*Id.* at 5]. Nurse Ard responds that Mr. Canary's request to strike her Motion is premised merely on his disagreement with the facts she presented and that such a basis is insufficient to strike her motion. [DN 43 at 1–2].

Federal Rule of Civil Procedure 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike under Rule 12(f) are addressed within the sound discretion of the Court, although they are generally disfavored." *Hashemian v. Louisville Reg'l Airport Auth.*, No. 3:09-CV-951, 2013 U.S. Dist. LEXIS 59962, 2013 WL 1788473, at *5 (W.D. Ky. Apr. 26, 2013) (citing *Ameriwood Indus. Intern. Corp. v. Arthur Andersen & Co.*, 961 F. Supp. 1078, 1083 (W.D. Mich. 1997) (internal citations omitted)). "Striking a pleading is a drastic remedy to be resorted to only when required for the purposes of justice." *Id.* (citing *Brown & Williamson Tobacco Corp. v. United States*, 201 F. 2d 819, 822 (6th Cir. 1953)).

The Court can discern no merit in Mr. Canary's argument to strike Nurse Ard's Motion for Summary Judgment. Her Motion is well-supported by medical records, jail records, and affidavits. Because the arguments contained therein also relate to Mr. Canary's opposition to Nurse Ard's Motion for Summary Judgment, the Court reads the two documents together as his Response to said motion.

**B. Motion for Summary Judgment**

Both Mr. Canary and Nurse Ard filed Motions for Summary Judgment. Mr. Canary argues that he is entitled to summary judgment based on Nurse Ard's answer to a single interrogatory—her statement that Mr. Canary reported pain in his right shoulder which she deemed to be not a medical emergency warranting immediate attention. [DN 34 at 1]. While Nurse Ard opposes Mr. Canary's Motion, she also filed her own Motion for Summary Judgment. [DN 40]. In her motion, Nurse Ard recounts a fuller picture of the facts underlying Mr. Canary's injured arm and the treatment he received while at DCDC. [*Id.* at 1–6]. She first argues that Mr. Canary's action is barred by the Prison Litigation Reform Act ("PLRA") because he failed to exhaust available administrative remedies before filing his complaint. [*Id.* at 7–9]. Relatedly, Nurse Ard claims the PLRA does not allow Mr. Canary's suit because he cannot show he suffered physical injury from her denial of medical care. [*Id.* at 9–10]. Alternatively, she argues that there is no genuine dispute that Mr. Canary's injury was not a serious medical injury or that she knew of and disregarded a substantial risk of harm to him—the two requisite showings for proving Mr. Canary's Eighth Amendment claim of inadequate medical care. [*Id.* at 10–15]. Because Mr. Canary's failure to exhaust his available administrative remedies is an affirmative defense and renders any constitutional claim void, the Court first addresses the extent to which he engaged in the grievance procedure at DCDC.

In Nurse Ard's Motion for Summary Judgment, she argues that Mr. Canary's failure to exhaust his administrative remedies is detrimental to his action. While she notes that Mr. Canary filed an initial grievance on July 23, 2018, she explains that his failure to thereafter appeal the unfavorable response constitutes a failure to exhaust administrative remedies available to him. [DN 40 at 7–9].

The PLRA, 42 U.S.C. § 1997e(a), prohibits inmates from challenging prison conditions in federal courts until they have exhausted their available administrative remedies. It is well-settled that under the PLRA, exhaustion is mandatory. *Booth v. Churner*, 532 U.S. 731, 739 (2001). The Sixth Circuit has further clarified that the exhaustion requirement operates as a "'termination' requirement, requiring a petitioner to pursue administrative remedies as far as they exist." *Thomas v. Woolum*, 337 F.3d 720, 725 (6th Cir. 2003). The requirement exists in part to afford "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter v. Nussie*, 534 U.S. 516, 525 (2002).

There is a long line of cases in this Circuit that emphasize the "strict and literal application" of the exhaustion requirement. *Booker v. Horton*, 2004 U.S. Dist. LEXIS 1464, *4–5 (W.D. Ky. Feb. 2, 2004) (collecting cases). In *Thomas v. Woolum*, the court noted that:

> [W]e have clearly held that an inmate does not exhaust available administrative remedies when the inmate entirely fails to invoke the prison's grievance procedure, *see Hartsfield v. Vidor*, 199 F.3d 305, 308–09 (6th 1999); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998), *or when the inmate filed such a grievance but "did not appeal the denial of that complaint to the highest possible administrative level*," Wright v. Morris, 111 F.3d 414, 417 n.3 (6th Cir.), *cert. denied*, 522 U.S. 906 (1997); *see also Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). . . . Our precedent demonstrates only that, in keeping with the plain language of § 1997e(a), a prisoner does not exhaust his administrative remedies when he fails to commence the grievance process or to run the gamut of appeals.

337 F.3d 720, 726–27 (6th Cir. 2003). This is so even if the inmate believes the remedy sought is unavailable under that process. *Knuckles-El v. Toombs*, 215 F.3d 640, 643 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000).

In fact, DCDC Grievance Policy does allow for inmates to appeal unfavorable responses to filed grievances. [DN 40-7 at 2]. Such appeals must be filed, if at all, within 48 hours of receipt of the unfavorable response. [*Id.*]. Mr. Canary's grievance, that he cites to several times in his filings, was deemed unfounded and the grievance was closed. [DN 40-4]. According to the

5

institution's policy, Mr. Canary had 48 hours after the grievance was deemed unfounded to appeal to the jailer or other designee. [DN 40-7 at 2]. In Mr. Canary's responses to Nurse Ard's Requests for Admission, he acknowledges his familiarity with the DCDC Grievance Policy and says that the policy was readily available to him during his incarceration. [DN 40-6 at 1]. Further, he admits that he did not appeal the grievance he filed on the day of the alleged incident. [*Id.* at 3]. This being the case, it is clear that Mr. Canary did not allow the full administrative process the opportunity to handle his complaint before initiating this lawsuit. An appeal of the denial of Mr. Canary's grievance was available, but Mr. Canary did not avail himself of that appeal. Mr. Canary therefore has not exhausted his administrative remedies as required by the PLRA.

## IV. Conclusion

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment [DN 34] is **DENIED**, Defendant's Motion for Summary Judgment [DN 40] is **GRANTED**, Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment [DN 42] is **DENIED**. The Court will enter a separate Judgment consistent with this Memorandum Opinion and Order.

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

June 24, 2019

cc: counsel of record